# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | | |
|---|---|---|
| JEFFREY ERVINE, | ) | COMPLAINT AND |
| | ) | JURY DEMAND |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. |
| | ) | |
| S.B., R.Z.W., and E.A.B., | ) | |
| | ) | |
| Defendants. | ) | DEMANDS OVER $75,000 |

## COMPLAINT

NOW COMES the Plaintiff, JEFFREY ERVINE ("Plaintiff"), by and through his attorneys, Mudd Law Offices, and complains of the Defendants S.B., R.Z.W., and E.A.B. (collectively, "Defendants"), upon personal information as to his own activities and upon information and belief as to the activities of others and all other matters, and states as follows:

## NATURE OF ACTION

1. This is an action for defamation *per se* and tortious interference with prospective business relations arising from Defendants' wrongful conduct that included the publication of false statements defaming and disparaging the Plaintiff.

2. By this action, Plaintiff seeks compensatory damages, punitive damages, and injunctive relief.

## PARTIES

3. JEFFREY ERVINE is a citizen of the State of New York.

4. S.B. is a Pakistani national residing in Illinois.

5. R.Z.W. is a Chinese national residing in New York.

6. E.A.B. is an Egyptian national residing in New York.

**JURISDICTION AND VENUE**

7. The Court has jurisdiction over Plaintiff's claims based upon diversity of the parties and pursuant to 28 U.S.C. § 1332. Plaintiff is a citizen of New York. The Defendants are citizens of Pakistan, China, and Egypt, respectively, and, upon information and belief, are not permanent resident aliens of the United States.

8. There is an actual case or controversy that has arisen between the Plaintiff and Defendants ("Parties") in an amount exceeding $75,000.00.

9. Venue in this district is proper pursuant to 28 U.S.C. § 1391 because one of the Defendants resides in Illinois.

10. Defendants have engaged in intentional conduct with actual malice that has harmed Plaintiff.

11. The Plaintiff has been injured by Defendants' conduct and has suffered damages resulting therefrom.

**FACTUAL BACKGROUND**

**Background on Plaintiff**

12. Jeff Ervine graduated from Penn State University where he received a Bachelor of Science in Accounting and earned inclusion on the Dean's List.

13. Jeff Ervine later received his Master of Business Administration from Columbia Business School where he specialized in finance investment banking.

14. At Columbia, Jeff Ervine organized the 1996 Columbia Forum on Principal Investing.

15. Since Columbia, Jeff Ervine has become a well-respected professional in the financial industry.

16. With a long history of strong performances in the hedge-fund and asset-management arenas, Jeff Ervine currently maintains the position of COO/CFO at a prominent

New York hedge fund, where he oversees nearly every aspect of the company, from operations to legal and compliance matters to marketing.

17. Responsible for asset-raising efforts, Jeff Ervine has increased the firm's assets by 10 percent in his first 6 months.

18. Outside his professional life, Jeff Ervine actively participates in the community.

19. He coaches for the New York Junior Tennis League.

20. Jeff Ervine also supports the Olana Partnership, the Convent of the Sacred Heart, The Buckley School, and the American Stroke Association, among other charities.

21. Mr. Ervine has developed a strong reputation of being an honest member of the investment community.

## False and Defamatory Statements

22. The Defendants are editors of the website www.hakanyalincak.com (the "Website").

23. The Website is primarily directed to convey information about Hakan Yalincak.

24. However, the Website contains a webpage about the Plaintiff at the uniform resource locator ("url") http://www.hakanyalincak.com/jeff_ervine.html (the "Webpage").

25. The Webpage title reads "Jeff Ervine – Con v. Con".

26. The Webpage title implies that Jeff Ervine is a con artist.

27. Jeff Ervine is not a con artist.

28. The Webpage title implies that Jeff Ervine is a convict or criminal.

29. Jeff Ervine is not a convict, former convict, or criminal.

30. The Webpage reads, in relevant part, Jeff Ervine "thought he was going to get a 'sweet heart deal' from a 'know nothing teenager' and con him."

31. The Webpage conveys the false meaning that Jeff Ervine sought to con someone, in particular a teenager.

3

32. Jeff Ervine has never sought to con anyone.

33. Jeff Ervine has certainly never sought to con a teenager.

34. Jeff Ervine never sought to con Hakan Yalincak.

35. The Webpage further states that Jeff Ervine's financial situation " deteriorated so much so that he barely could come up with $25,000 to settle avoidance preference and fraud proceedings brought by the Daedalus bankruptcy trustee."

36. The Webpage conveys the false meaning that Jeff Ervine caused his financial situation to deteriorate and could not manage money.

37. Jeff Ervine did not mismanage his finances.

38. The Webpage conveys the false meaning that Jeff Ervine engaged in fraud.

39. Jeff Ervine did not engage in fraud.

40. Last year, notice was sent to the company hosting the Website informing it of the defamatory content and unauthorized publication of private information and images.

41. The hosting company ceased hosting the Website.

42. Since then, the Defendants have moved the Website to an off-shore hosting company.

43. Upon information and belief, the Defendants have improperly manipulated the Website's search engine ranking, particularly the ranking of the Webpage, by driving traffic to the Website and thereby increasing its ranking on search engines.

44. Upon a Google search of "Jeff Ervine," the Webpage appears at the top of the first page of search results.

45. The Defendants have tried and actively continue to try to cause Mr. Ervine substantial personal and professional harm.

**Public Perception**

46. Since the publication of the foregoing false and defamatory statements ("False and Defamatory Statements"), any individual reading the Webpage might believe that the Plaintiff has engaged in criminal activity.

47. Since the publication of the foregoing False and Defamatory Statements, any individual reading the Webpage might believe that the Plaintiff lacks the integrity or ability to perform in the discharge of his duties in his employment.

48. Since the publication of the foregoing false and defamatory statements ("False and Defamatory Statements"), any individual reading the Webpage might believe that Plaintiff Jeff Ervine lacks ability in his trade, profession, and business.

49. The Plaintiff remains concerned that individuals and organizations, including prospective clients, will choose not to utilize his services based upon the False and Defamatory Statements.

**Intent and Actual Malice**

50. Defendants acted with intent and actual malice because they intended to harm the Plaintiff.

51. Defendants acted with the intent to tortiously interfere with the Plaintiff's business interests by dissuading prospective parties, who read the Webpage, from becoming Plaintiff's clients and/or doing business with him.

**The Harm Suffered By Plaintiff**

52. The foregoing wrongful conduct on the part of the Defendants ("Wrongful Conduct") has caused Plaintiff to suffer harm including, but not limited to, harmed reputation and loss business opportunities.

53. As a result of the False and Defamatory Statements and Wrongful Conduct, the Plaintiff has suffered a loss of reputation and business.

54. In the investment community, trust constitutes a substantial component of retaining customers and obtaining new business.

55. The Webpage makes the Plaintiff to appear dishonest.

56. Individuals and potential partners of Plaintiff have brought the Webpage up in conversations with him. In fact, in some discussions, it happens to be the first topic addressed.

57. The False and Defamatory Statements and Wrongful Conduct have proximately caused Plaintiff to suffer damages.

58. Plaintiff's damages include, but are not limited to, a decline in prospective business.

59. The Plaintiff has lost business deals in excess of $1,000,000.

60. The Webpage has also negatively affected the Plaintiff's personal relationships.

61. The Webpage has also increased his stress.

62. The Webpage has negatively affected his ability to do business and to make an income.

63. The Defendants have caused Plaintiff to suffer harms not yet fully realized.

## CLAIMS FOR RELIEF

## COUNT ONE

## AS AND FOR A FIRST CAUSE OF ACTION

## DEFAMATION *PER SE* OF PLAINTIFF

64. The allegations in Paragraphs 1 through 63 above are incorporated by reference in this Count One as if fully restated herein.

65. Defendants falsely state that Plaintiff is a "con".

66. By using the word "con", the Defendants falsely portray Plaintiff as a con artist.

67. By using the word "con", the Defendants falsely portray Plaintiff as a convict.

68. The Defendants falsely state that Plaintiff sought to con a teenager.

69. The Defendants falsely state that Plaintiff sought to con Hakan Yalincak.

70. The Defendants falsely state that Plaintiff engaged in fraud.

71. The Defendants falsely state that Plaintiff could not manage his finances.

72. Defendants published the False and Defamatory Statements concerning Plaintiff to third parties.

73. By making the statements on the Webpage and Website, Defendants caused the False and Defamatory Statements to be made on and through the Internet.

74. The False and Defamatory Statements identify Plaintiff Jeffrey Ervine by name.

75. Persons other than Plaintiff and the Defendants would have and actually have reasonably understood that the False and Defamatory Statements related to and were about the Plaintiff.

76. The False and Defamatory Statements convey that Plaintiff engaged in criminal conduct.

77. The False and Defamatory Statements convey that Plaintiff engaged in fraud and could not manage his finances.

78. The False and Defamatory Statements impute a lack of integrity and an inability of Plaintiff to perform his duties in his employment as a hedge fund manager/marketer, investor and financier.

79. The False and Defamatory Statements prejudice Plaintiff and impute a lack of ability in his trade, profession and business as a hedge fund manager/marketer, investor and financier.

80. Defendants presented the False and Defamatory Statements as fact.

81. The False and Defamatory Statements constituted unprivileged publication of the defamatory statements by Defendants to third parties.

82. Defendants made the False and Defamatory Statements with actual malice knowing the falsity of the statements.

83. Beyond actual malice, the Defendants actively sought to cause the Plaintiff personal and professional harm.

84. The False and Defamatory Statements constitute defamation *per se* because they falsely impute criminal conduct, a lack of integrity and an inability to perform the duties of Plaintiff in his employment as a hedge fund manager/marketing and financier, and prejudice the Plaintiff and impute a lack of ability in his profession and business as a hedge fund manager/marketing and financier.

85. As a result of the Defendants' conduct and the publication of the False and Defamatory Statements, the Plaintiff has suffered and continues to suffer damages including, but not limited to, loss of business and harmed reputation.

86. WHEREFORE Plaintiff Jeffrey Ervine seeks recovery of compensatory and punitive damages arising from Defendants' *per se* defamation of him.

## COUNT TWO

## AS AND FOR A SECOND CAUSE OF ACTION

## TORTIOUS INTERFERENCE WITH

## PLAINTIFF'S PROSPECTIVE ECONOMIC ADVANTAGE

87. The allegations in Paragraphs 1 through 85 above are incorporated by reference in this Count Two as if fully restated herein.

88. Plaintiff held a reasonable expectancy of entering into valid business relationships.

89. The Defendants had knowledge of the Plaintiff's expectancy of entering into valid business relationships.

90. The Defendants published the False and Defamatory Statements on the Internet.

91. Anyone searching for "Jeff Ervine" on Google will find the defamatory Webpage at the top of the search results on the first page.

92. The Webpage and the False and Defamatory Statements identify Plaintiff by name.

93. Defendants presented the False and Defamatory Statements as fact.

94. Defendants made the False and Defamatory Statements with the reasonable expectation that prospective clients and business partners who read the review would not choose the to interact with the Plaintiff.

95. Defendants knowingly made the False and Defamatory Statements because they would expect the Webpage to prevent the Plaintiff from securing new clients and business

9

partners.

96. Defendants acted with the intent to tortiously interfere with the Plaintiff's business interests by dissuading prospective parties, who read the Webpage, from becoming Plaintiff's clients and business partners.

97. The publication of the False and Defamatory Statements constitutes an intentional and unjustifiable interference with prospective clients and business partners of the Plaintiff that would find them through the Internet.

98. The publication of the False and Defamatory Statements caused prospective clients and business partners to refrain from contacting and/or doing business with the Plaintiff.

99. As a result of the Defendants' conduct and the publication of the False and Defamatory Statements, Plaintiff has suffered and continues to suffer damages including, but not limited to, loss of prospective business.

100. WHEREFORE Plaintiff seeks recovery of compensatory and punitive damages arising from Defendants' tortious interference with his prospective economic advantage.

## COUNT THREE

## AS AND FOR A THIRD CAUSE OF ACTION

## FALSE LIGHT

101. The allegations in Paragraphs 1 through 85 and 88 through 99 are incorporated by reference in this Count Three as if fully restated herein.

102. Defendants published the False and Defamatory Statements on the Internet.

103. The Webpage and the False and Defamatory Statements identify Plaintiff by name.

104. The False and Defamatory Statements portray Plaintiff in a false light by implying he is a con artist, convict, and/or criminal.

105. The False and Defamatory Statements portray Plaintiff in a false light by implying he engaged in criminal conduct.

106. The False and Defamatory Statements portray Plaintiff in a false light by implying he would con anyone.

107. The False and Defamatory Statements portray Plaintiff in a false light by implying he engaged in fraud.

108. The False and Defamatory Statements portray Plaintiff in a false light by implying he cannot manage his finances.

109. Defendants made the False and Defamatory Statements with actual malice, knowing the falsity of the statements.

110. As a result of the Defendants' conduct and the publication of the False and Defamatory Statements, Plaintiff has suffered and continues to suffer damages including, but not limited to, loss of business and harmed reputation.

111. WHEREFORE Plaintiff seeks recovery of compensatory and punitive damages arising from Defendants' portrayal of him in a false light.

## COUNT FOUR

## AS AND FOR A FOURTH CAUSE OF ACTION

## INJUNCTIVE RELIEF

112. The allegations in Paragraphs 1 through 111 above are incorporated by reference in this Count Four as if fully restated herein.

113. Plaintiff possesses a clearly ascertainable right to be free from conduct maligning his professional and business reputations and interfering with his business relationships and profession.

114. Plaintiff has suffered and will continue to suffer irreparable harm if this Court does not enjoin Defendants because Plaintiff's office, profession, business, and livelihood will be disrupted if Defendants continue to engage in the Wrongful Conduct.

115. Plaintiff will suffer irreparable harm in the absence of injunctive relief. In contrast, Defendants will suffer no harm because they have no legal right to engage in deceptive and unlawful practices.

116. Plaintiff can clearly demonstrate some likelihood of success on the merits of his claims.

117. Mere compensation at law can only possibly provide Plaintiff with compensation for injuries up to the present.

118. It remains difficult if not impossible to calculate the damages arising from the Defendants' Wrongful Conduct.

119. Plaintiff therefore has an inadequate remedy at law.

120. The public interest will not be harmed if an injunction is granted.

121. WHEREFORE, Plaintiff seeks a temporary and permanent injunction enjoining Defendants from interfering with his business relationships and maligning his professional and business reputations.

## GENERAL

122. Where conditions precedent are alleged, Plaintiff avers that all conditions precedent have been performed or have occurred.

123. Plaintiff demands a jury trial.

**PRAYER FOR RELIEF**

WHEREFORE, PLAINTIFF JEFFREY ERVINE accordingly and respectfully prays for judgment against DEFENDANTS as follows:

1. That PLAINTIFF JEFFREY ERVINE be awarded compensatory damages in an amount to be determined at trial;

2. That PLAINTIFF JEFFREY ERVINE be awarded punitive damages in an amount to be determined at trial;

3. That PLAINTIFF JEFFREY ERVINE be awarded attorney's fees and costs;

4. That PLAINTIFF JEFFREY ERVINE be awarded the injunctive relief sought; and,

5. That PLAINTIFF JEFFREY ERVINE be awarded any such other and further relief as this Court may deem just and proper or to which they may be entitled as a matter of law or equity.

Dated: Chicago, Illinois  PLAINTIFF,

      February 18, 2011  JEFFREY ERVINE

s/Charles Lee Mudd Jr.
By: His Attorneys
Charles Lee Mudd Jr.
Mudd Law Offices
3114 West Irving Park Road
Suite 1W
Chicago, Illinois 60618
(773) 588-5410 Phone
(773) 588-5440 Fax
Illinois ARDC: 6257957
cmudd@muddlawoffices.com


Mark A. Petrolis
Mudd Law Offices
3114 West Irving Park Road
Chicago, Illinois 60618
Suite 1W
(773) 588-5410 Phone
(773) 588-5440 Fax
Illinois ARDC: 6300549
mpetrolis@muddlawoffices.com

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | | |
|---|---|---|
| JEFFREY ERVINE, | ) | COMPLAINT AND |
| | ) | JURY DEMAND |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. |
| | ) | |
| S.B., R.Z.W., and E.A.B., | ) | |
| | ) | |
| Defendants. | ) | DEMANDS OVER $75,000 |

**JURY DEMAND**

Plaintiff demands trial by jury.

s/Charles Lee Mudd Jr.
Charles Lee Mudd, Jr.
