IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| JEFFREY ERVINE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 11 C 1187 |
| | ) | |
| S.B., R.Z.W., and E.A.B., | ) | |
| | ) | |
| Defendants. | ) | |

MEMORANDUM OPINION AND ORDER
GRANTING PLAINTIFF'S MOTION FOR LEAVE
TO CONDUCT EXPEDITED DISCOVERY AND THE
PRESERVATION OF ELECTRONIC EVIDENCE

JAMES F. HOLDERMAN, Chief Judge:

On February 18, 2011, plaintiff Jeffrey Ervine ("Ervine") filed a complaint alleging that he is the victim of false and defamatory postings on websites, which is an increasingly frequent allegation this court has had to address, *see e.g., Blockowicz v. Williams,* 675 F. Supp. 2d 912 (N.D. Ill. 2009) (Holderman, J.), *aff'd,* 630 F.3d 563 (7th Cir. 2010). In his complaint, Ervine asserts against Defendants S.B., R.Z.W., and E.A.B. (collectively "Defendants") claims for internet defamation (Count One), tortious interference with prospective economic advantage (Count Two), and false light (Count Three). Ervine also requested injunctive relief (Count Four)[1] and prayed for damages of over $75,000.

After reviewing Ervine's complaint, on February 24, 2011, the court requested that Ervine either identify the Defendants by their actual names or explain why only abbreviations of those names were used in Ervine's complaint. (Dkt. No. 4.) On February 25, 2011, Ervine

---

[1] Although not material for purposes of Ervine's motion, the court notes that injunctive relief is a remedy rather than a substantive claim.

responded to the court's request and explained that Ervine currently is unable to identify the Defendants. (Dkt. No. 5.) Ervine asserted in his February 25, 2011 statement (Dkt. No. 5) that:

> In response to the Court's order, the Plaintiff, by his undersigned counsel, files this statement explaining why the abbreviations are warranted in this case *at this time*.
>
> In short, the Plaintiff, by his undersigned counsel, explains that he does not know the identities of the defendants. Rather, the defendants identify themselves on the website www.hakanyalincak.com ("Website") using only the initials found in the caption to the Complaint. www.hakanyalincak.com (last visited February 4, 2011) (attached as Exhibit A). The attached exhibit provides all information known at present about the identities of the defendants. *Id.* Consequently, the Plaintiff cannot file an Amended Complaint identifying the defendants by their full names *as of yet*. Moreover, in filing the Complaint, the undersigned counsel chose to use what information is known about the identities of the defendants rather than "John Does 1-3."

(Dkt. No. 5 at 1.) Ervine subsequently filed the pending "Motion for Leave to Conduct Limited, Expedited Discovery and for Preservation of Electronic Evidence," (Dkt. No. 7) which is presently before the court.

## SUBJECT MATTER JURISDICTION

Ervine's alleged basis for this court's subject matter jurisdiction is diversity of citizenship under 28 U.S.C. § 1332(a). Plaintiff Ervine is a citizen of the State of New York and the Defendants are alleged to be foreign nationals of Pakistan, China, and Egypt respectively. Defendant S.B., the alleged Pakistani, allegedly resides in Illinois. Defendant R.Z.W., allegedly Chinese, and Defendant E.A.B., allegedly Egyptian, allegedly are both residing in New York.

Federal court subject matter jurisdiction based on the diversity of citizenship under 28 U.S.C. §1332(a) is appropriate when the complaint alleges that the amount in dispute exceeds $75,000 and that the plaintiffs and all defendants are citizens of different states of the United States or of different countries. That requirement is met here.

2

Each of the three Defendants is alleged to be a foreign national. The term "national" has been treated as the equivalent of "citizen[ ] or subject[ ] of a foreign state" for purposes of jurisdiction under §1332(a)(2). *JPMorgan Chase Bank v. Traffic Stream (BVI) Infrastructure Ltd.,* 536 U.S. 88, 99 (2002) ("Given the object of the alienage statute, as explained earlier, there is no serious question that 'nationals' were meant to be amenable to the jurisdiction of the federal courts.").

Moreover, Ervine has specifically alleged that the three Defendants are not permanent resident aliens of the United States. Section 1332(a) states, "an alien admitted to the United States for permanent residence shall be deemed a citizen of the State in which such alien is domiciled." 28 U.S.C. §1332. In this case, two of the Defendants are alleged to be "residing in New York." Because Ervine is a New York citizen, if either of these Defendants is a permanent resident domiciled in New York, diversity will be destroyed. For now, based on Ervine's complaint's allegations, this court has subject matter jurisdiction to address this case and the pending motion.

## ANALYSIS OF THE PENDING MOTION

In his motion, Ervine seeks limited discovery for purposes of identifying the Defendants. Specifically, Ervine requests leave of the court to issue subpoenas to the website-hosting companies and related third parties to obtain "information that would tend to identify the Defendant[s] including, but not limited to, the associated name, address, user logs, IP addresses, telephone numbers, and related information." (Ervine's Mot. 12.) The Seventh Circuit has long recognized that "where . . . a party is ignorant of the defendants' true identify, it is unnecessary to name them until their identity can be learned through discovery or through the aid of the trial

3

court." *Maclin v. Paulson*, 627 F.2d 83, 87 (7th Cir. 1980). Under such circumstances, the district court has the authority to "permit the plaintiff to obtain their identity through discovery." *Duncan v. Duckworth*, 644 F.2d 653, 656 (7th Cir. 1981); *see also Maclin*, 627 F.2d at 87. Consequently, Ervine's motion for limited discovery for purposes of identifying the Defendants is granted.

The subpoenaed third parties additionally are to preserve any and all responsive information sought by the subpoena based on the common law duty to preserve evidence once "the party has notice that the evidence is relevant to litigation or when a party should have known that the evidence may be relevant to future litigation." *Fujitsu Ltd. v. Fed. Express Corp.*, 247 F.3d 423, 436 (2d Cir. 2001); *see also Casale v. Kelly*, 710 F. Supp. 2d 347, 365 (S.D.N.Y. 2010) (Scheindlin, J.) ("It is well established that the duty to preserve evidence arises when a party reasonably anticipates litigation.") (citation omitted). The Seventh Circuit similarly has recognized that courts have imposed sanctions based on "a duty to preserve evidence because [an individual or entity] knew, or should have known, that litigation was imminent." *Norman-Nunnery v. Madison Area Tech. College*, 625 F.3d 422, 428 (7th Cir. 2010). The Defendants and third-party website-hosting companies are on notice of imminent litigation giving rise to their duty to preserve all information pertinent to this case.

## CONCLUSION

For the above reasons, Ervine's "Motion for Leave to Conduct Limited, Expedited Discovery and for Preservation of Electronic Evidence" (Dkt. No. 7) is granted.

ENTER:

*James F. Holderman*
_____
JAMES F. HOLDERMAN
Chief Judge, United States District Court

Date: March 10, 2011